# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TYESHIA R. MUNIZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-15-0282-C-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: July 21, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Tyeshia R. Muniz, Albany, New York, pro se.

Mark Williams, Jr., Buffalo, New York, for the agency.

Thien-Nga Nguyen, Albany, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1　　　The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement for failure to show that the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency materially breached the settlement agreement. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the New York Field Office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    The appellant filed a removal appeal with the Board, which the parties settled. *Muniz v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-15-0282-I-1, Initial Appeal File (IAF), Tab 1 at 4, 6, Tabs 12-13. In relevant part, the agency agreed to rescind the July 10, 2015 removal decision and issue a new removal letter for medical inability to perform. IAF, Tab 13 at 1.

¶3    After determining that the settlement agreement was within the Board's jurisdiction, voluntarily entered into, understood by the parties, and lawful on its face, the administrative judge entered it into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 14, Initial Decision (ID) at 2-3. She also notified the appellant of her right to file a petition for review of the initial decision if she believed that the settlement agreement was unlawful, involuntary, or the result of fraud or mutual mistake. ID at 4. The initial decision became final on February 25, 2016, after neither party filed a petition for review. *Id.*

¶4    Approximately 5 months later, the appellant filed a petition for enforcement, in which she made bare assertions that the agency breached the settlement agreement and that she was misled into settling her appeal. Compliance File (CF), Tab 1 at 1. In response, the agency alleged that it had fully complied with its obligations under the agreement and submitted supporting argument and evidence. CF, Tab 5 at 6, 15, 17-18, 21-38, 40.

¶5    During a telephonic status conference, the appellant elaborated on her noncompliance claims. CF, Tab 6. She alleged that the agency had breached the "clean paper" provision of the settlement agreement by disclosing to prospective employers that she had been "fired." *Id.* She also claimed that, although the

agency had submitted her disability retirement paperwork to the Office of Personnel Management, its delay in doing so constituted a breach of its promise to assist her in applying. *Id.* Finally, she argued that the written agreement was incomplete and attributed her failure to address all of her concerns during negotiations to her inexperience with settlement matters, as she appeared pro se. *Id.* The administrative judge indicated that the settlement agreement contained neither of the provisions referenced by the appellant; but, she nonetheless permitted the appellant to supplement her petition for enforcement with those additional allegations. *Id.*

¶6    After the appellant failed to further supplement her petition for enforcement, the administrative judge issued a compliance initial decision, denying it. CF, Tab 7, Compliance Initial Decision (CID) at 2, 4. She found that the "promises" referenced by the appellant were not in the agreement and that the appellant failed to establish a violation of the agreement's express terms. CID at 3-4. She also found that the agency showed that it had complied with its obligations. CID at 4.

¶7    The appellant filed a petition for review of the compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 1. The agency has filed a response. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Doe v. Department of the Army*, 116 M.S.P.R. 160, ¶ 7 (2011). On review, the appellant asserts that the agency materially breached the "clean paper" settlement agreement by defaming her character and requests an agency contact that can provide a neutral reference. CPFR File, Tab 1 at 6. We remand this claim.[2]

---

[2] The appellant does not further challenge the validity of the settlement agreement or reargue her claims of agency delay concerning her retirement application. We decline

¶9     The appellant is essentially arguing that the settlement agreement contained a nondisclosure provision.  CPFR File, Tab 1 at 6; CF, Tab 6.  Both the U.S. Court of Appeals for the Federal Circuit and the Board have construed settlement agreements that call for rescission of a removal for cause and issuance of a Standard Form 50 reflecting a resignation to also contain implied provisions for expungement of removal-related documents from the employee's Official Personnel File and nondisclosure to third parties—in other words, a "clean record" settlement.  *Conant v. Office of Personnel Management*, 255 F.3d 1371, 1376 (Fed. Cir. 2001); *Doe*, 116 M.S.P.R. 160, ¶ 8.

¶10    We find this principle equally applicable to the instant case.  Here, the settlement agreement calls for the appellant to accept a removal for medical inability to perform in exchange for the rescission of the removal for cause.  IAF, Tab 13 at 1.  In *Conant*, an agency agreed to replace an employee's conduct-based proposed removal with a resignation "for personal reasons." 255 F.3d at 1373.  In both situations, by agreeing to rescind and replace the prior removals, the agencies effectively agreed to erase them.  *Id.* at 1376; IAF, Tab 13 at 1.  The substitution of a disability-based removal for a removal for cause is analogous to the substitution of a resignation.  To find otherwise would unfairly relieve the agency from its responsibility to comply with the implicit clean-record provision and deny the appellant her reasonably anticipated benefit of the bargain.  *See Pagan v. Department of Veterans Affairs*, 170 F.3d 1368, 1371-72 (Fed. Cir. 1999) (explaining that appellants must receive the benefit of the bargain despite the potential enforcement problems that may arise with clean record settlement agreements).  As a result, we find that the settlement agreement contained an implied nondisclosure provision.  The nondisclosure provision generally prevents the agency from discussing information related to the

---

to disturb the administrative judge's finding that the agreement was enforceable and her implicit finding that the agreement did not obligate the agency to take any particular action concerning the appellant's disability retirement application.  CID at 3-4.

appellant's rescinded removal with third parties.[3] *Doe*, [116 M.S.P.R. 160](#), ¶¶ 9-11.

¶11 Although the appellant clarified her "clean record agreement" claims during the status conference, the administrative judge did not issue an order summarizing those claims. Similarly, the administrative judge, in the compliance initial decision, did not analyze the question of whether the agency's potential disclosure of information regarding the rescinded adverse action constituted a material breach of the implied nondisclosure provision of the clean record settlement agreement. Because this essential question cannot be resolved based on the information in the record, we must vacate the compliance initial decision and remand the appeal. *See Doe*, [116 M.S.P.R. 160](#), ¶¶ 11-12 (ordering the case to be remanded because the administrative judge did not fully address the appellant's claims of breach of the implied nondisclosure provision of the clean record agreement).

**ORDER**

¶12 For the reasons discussed above, we remand this case to the Board's field office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall address the issues discussed above and allow the parties to submit further evidence and argument as to whether the agency breached the settlement agreement. It appears that the appellant wishes to enforce the terms of the agreement. PFR File, Tab 1 at 6. However, on remand, the administrative judge also should provide the appellant, who is pro se, with the opportunity to make an informed election between enforcement and rescission of

---

[3] Additionally, under [5 C.F.R. § 293.311](#), an agency is limited as to what information may be shared from agency files regarding a former agency employee.

the agreement in the event that a breach is found. *See Zumwalt v. Department of Veterans Affairs*, 118 M.S.P.R. 574, ¶ 14 (2012).

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.